IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEWIS CARL BARNETT,
    Petitioner,

vs.                                  Case No. 5:10cv219/RS/CJK

PAIGE AUGUSTINE,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's petition for writ of habeas corpus (doc. 9), filed pursuant to 28 U.S.C. § 2241, and the government's motion to dismiss the petition (doc. 18). Petitioner did not respond in opposition to the motion to dismiss. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, and NORTHERN DISTRICT OF FLORIDA LOCAL RULE 72.2(B). After careful consideration, the undersigned concludes that the motion to dismiss should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Lewis Carl Barnett ("Barnett"), a detainee confined at the Federal Correctional Institution in Marianna, Florida, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking review of his sentence computation and asserting that he is entitled to additional credit for time served at State

correctional facilities in Alabama.  (Doc. 9, p. 3).  As relief, petitioner requests that a writ of habeas corpus be issued directing "[r]eview of the Federal Bureau of Prisons' calculation of his sentence . . . ."  (Doc. 9, p. 4).

The pertinent procedural history of this case, which is gleaned from the petition, the motion to dismiss, and the docket in Middle District of Alabama case number 2:08cr144/MHT/WC, begins on September 6, 2005, when petitioner was released on parole from the Alabama Department of Corrections, where he was serving a twenty-year term of incarceration for first-degree robbery. (Doc. 18-2, ¶ 5). On January 18, 2006, while still on parole, petitioner was arrested by the Fort Deposit Police Department and charged with receiving stolen property in the first degree. (Doc. 18-2, ¶ 6).  As a result of this new charge, petitioner's Alabama state parole was revoked on March 20, 2006, and petitioner was committed to incarceration in a state penal institution.  (Doc. 18-2, ¶ 7).

On June 25, 2008, a grand jury sitting in the U.S. District Court for the Middle District of Alabama returned a one-count indictment charging Barnett with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 18-3). On December 23, 2008, petitioner appeared before a magistrate judge and entered a guilty plea to that offense.  On May 13, 2009, the district court sentenced petitioner to fifty-seven months' incarceration in a federal institution, to be followed by three years of supervised release.  (Doc. 18-1, pp. 3-4).  More specifically, the court directed that twenty-four months "shall run consecutive to the defendant's state case number CC-93-410 in Montgomery County," and that the remaining thirty-three months "shall run concurrently."  (Doc. 18-1, p. 3).  The sentence commenced on May 13, 2009, the same day it was imposed.  (Doc. 18-2, ¶ 9).

At the time of his federal sentencing, petitioner was still in the custody of

Alabama state authorities.  (Doc. 18-2, ¶ 10).  On August 3, 2009, Barnett was released from the Alabama Department of Corrections on parole, and turned over to federal authorities to complete his federal sentence.  (Doc. 18-2, ¶ 10).  Upon receiving custody of petitioner, the federal Bureau of Prisons ("BOP") prepared a sentence computation based on the fifty-seven month term of incarceration, commencing May 13, 2009.  (Doc. 18-2, ¶ 10).  Upon learning of BOP's sentence computation, Barnett sought clarification of the judgment and commitment order, requesting the court to clarify that he was to serve only twenty-four months.  The district court denied this request by order dated October 20, 2009.  (Docs. 65 & 71, Case No. 2:08cr144/MHT/WC, Middle District of Alabama).

On October 19, 2010, Barnett filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 9).  After service of the petition, the government filed the motion to dismiss on March 11, 2011.  (Doc. 18).  By order dated March 14, 2011 (doc. 19), this court afforded petitioner thirty days to respond to the motion to dismiss; petitioner did not do so.  The government now stipulates that petitioner has exhausted his administrative remedies and that the court has both subject-matter and personal jurisdiction.  (Doc. 18, p. 2).

## DISCUSSION

Through the Bureau of Prisons, the Attorney General is charged with administering the sentences of federal inmates.  *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331 (1992) ("The Attorney General, through the Bureau of Prisons (BOP), has responsibility for imprisoning federal offenders." (*citing* 18 U.S.C. § 3621(a))).  Here, petitioner asserts that BOP calculated his sentence improperly, reasoning that it did not award him credit for thirty-three months' incarceration served in Alabama state custody prior to May 13, 2009, the day

the federal sentence commenced. (Doc. 9, p. 3).

A defendant is not entitled to credit against a federal sentence for time already credited against another sentence:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (italics supplied). According to twenty-two year BOP employee Alan Ray ("Ray"), who has served as a Management Analyst at BOP's Designation and Sentence Computation Center since July 2006 and submitted a sworn declaration in connection with the government's motion to dismiss, the thirty-three months petitioner served in state custody prior to commencement of the federal sentence had already been credited against his state sentence, which commenced on March 20, 2006, after Barnett's Alabama state parole was revoked on account of the charge for receiving stolen property in the first degree. (Doc. 18-2, ¶¶ 6-7, 11). Petitioner, having failed to respond to the motion to dismiss, does not dispute Ray's assessment. Because the term of imprisonment in state custody was credited against his state sentence, petitioner is not entitled to credit against his federal sentence for the same thirty-three months of incarceration. *See* 18 U.S.C. § 3585(b) (providing for application of credit toward defendant's service of a federal term of imprisonment for time spent in official detention prior to the date the federal sentence commences, provided, *inter alia*, the time "has not been credited against another sentence").

Additionally, a federal sentence cannot begin before it is imposed. BOP Program Statement 5880.28, attached to the motion to dismiss as Exhibit 4, addresses the case of a prisoner in non-federal custody at the time his sentence is imposed:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

(Doc. 18-4, p. 4) (emphasis in original). Petitioner makes no claim that the state facility in which he was imprisoned at the time of sentencing for the federal offense had been certified by the sentencing court or otherwise as a state institution for service of a federal sentence. In other words, petitioner's federal sentence ran concurrently from May 13, 2009, the date it was imposed, through August 3, 2009, when he was released on parole from an Alabama state facility to the custody of federal authorities. (Doc. 18-2, ¶ 10). In sum, petitioner has failed to demonstrate that BOP erred in determining or administering his federal sentence.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss (doc. 18) be GRANTED.

2. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 9) be DISMISSED for failure to state a cause of action upon which relief may be granted.

3. That the Clerk be directed to close the file.

At Pensacola, Florida, this  day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).